# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER CASEY CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN HAMRICK,<br><br>Defendant. | Case No. 1:13-cv-00988-LJO-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR SANCTIONS<br><br>(ECF NO. 44) |

Peter Casey Cruz ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 30, 2018, Plaintiff filed a request for the imposition of sanctions on Defendants because the declaration of Brandon Price, the Executive Director of DSH - Coalinga, did not address the seizure of Plaintiff's legal property or other allegations, as ordered by the Court. (ECF No. 44).

Plaintiff's request will be denied because the Court only requested a response (it did not order one), the Court only asked Brandon Price to respond to the allegations regarding the seizure of Plaintiff's legal property, and the declaration of Brandon Price did in fact address the seizure of Plaintiff's legal property.

Specifically, on December 13, 2017, defendant Hamrick filed a motion for summary

judgment. (ECF No. 31). On January 18, 2018, Plaintiff filed a motion for an extension of time to file a response to the motion for summary judgment. (ECF No. 35). The Court granted the motion, but noted that no further extensions of time would be granted absent exceptional circumstances. (ECF No. 36).

On February 22, 2018, Plaintiff filed a second motion for an extension of time (ECF No. 39), which the Court granted (ECF No. 40). The Court noted that no further extensions would be given. (Id. at 2).

On March 29, 2018, Plaintiff filed a provisional opposition to defendant Hamrick's motion for summary judgment. (ECF No. 41). Plaintiff stated that the opposition was provisional because he was unable to meet the deadline for a formal opposition to the motion for summary judgment. Plaintiff alleged that his legal property had been seized. (Id. at p. 2, n.1).

While the Court had previously stated it would not grant any further extensions, Plaintiff's allegation that his legal property had been seized raised concerns about Plaintiff's access to the Court. Accordingly, on April 2, 2018, the Court granted Plaintiff additional time to respond to the motion for summary judgment. (ECF No. 42). Given the seriousness of Plaintiff's allegation, the Court also requested that "the Executive Director of DSH - Coalinga file a response to Plaintiff's allegation regarding the seizure of his legal property." (Id. at 2).

On April 16, 2018, Executive Director Brandon Price filed a response. (ECF No. 43).

On April 30, 2018, Plaintiff filed this request for sanctions, on the grounds that the declaration of Brandon Price did not address the seizure of Plaintiff's legal property or other allegations, as ordered by the Court. (ECF No. 44).

Plaintiff's request for sanctions will be denied. To begin, Brandon Price did not violate the Court's order, because the Court did not order Brandon Price to respond. The Court requested a response; it did not require one. (ECF No. 42, p. 2).

Moreover, Plaintiff appears to be mistaken as to the scope of the Court's request. While Plaintiff's provisional opposition included quite a few allegations (ECF No. 41, p. 2, n.1), the Court only requested a response as to the "allegation regarding the seizure of [Plaintiff's] legal property" (ECF No. 42, p. 2).

2

Furthermore, Brandon Price responded to the allegation regarding the seizure of Plaintiff's legal property. According to Brandon Price, "Mr. Cruz has made no claim to DSH that he has legal material on the devices confiscated during the hospital-wide contraband search. If Mr. Cruz now claims that he has legal material on the confiscated electronic devices, he would need to sign a consent form to have these items scanned for illegal material before DSH could allow him to transfer legal and/or treatment materials to a state issued device, that he would have access to under supervision in the computer lab." (ECF No. 43, p. 4, ¶ 19).[1]

Accordingly, Plaintiff's request for sanctions is DENIED.

IT IS SO ORDERED.

Dated: **May 7, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that while Plaintiff alleges that his legal property still has not been returned (ECF No. 44, p. 5), he does not allege that that he has requested return of his property using the procedure described by Mr. Price.

3